**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

                                                    **CASE NO.: 3:25-bk-03716-JAB**

**AUDY EDMOND WALLACE,**

                                                    **Chapter 7**

        **Debtor.**

_____/

**TRUSTEE'S MOTION FOR ENTRY OF**
**ORDER APPROVING COMPROMISE OF CLAIMS**
**BY AND BETWEEN THE TRUSTEE AND THE DEBTOR**
**AND NOTICE OF INTENT TO ABANDON PROPERTY OF THE ESTATE**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202, and serve copies on (i) counsel for the Chapter 7 Trustee, Eugene H. Johnson, Esq., Johnson Law Firm, P.A., 301 West Bay Street, Suite 1453, Jacksonville, Florida  32202 and (ii) the Chapter 7 Trustee, Gordon P. Jones, 450-106 State Road 13 North, Unit 303, St. Johns, Florida 32259 , within twenty-one (21) days from the date of the attached proof of service, plus an additional three (3) days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

      **NOW COMES** Gordon P. Jones, Chapter 7 Trustee (the "**Trustee**"), by and through the

undersigned counsel, and pursuant to Fed. R. Bankr. P. 9019, and moves the Court for the entry of

an Order approving the compromise of claims (the "**Compromise**") by and between the Trustee

and the Debtor, Audy Edmond Wallace ("**Debtor**"), and notice of intent to abandon property of

the estate. In support hereof, the Trustee would show:

## I.   Background

On October 15, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division bearing Case No. 3:25-bk-03716-JAB (the "**Bankruptcy Case**"). Gordon P. Jones was subsequently appointed as the Trustee in the Bankruptcy Case.

## II.   The Objection to Exemptions and the Motion for Turnover

On the Petition Date, the Debtor filed his Schedule C and claimed exemptions in and to certain property (Doc. No. 1). On December 12, 2025, the Trustee filed an Objection to the Debtor's Claim of Exemptions (the "**Objection to Exemptions**") (Doc. No. 11) and a Motion for Turnover of Property (the "**Motion for Turnover**") (Doc. No. 12) (together, the "**Pleadings**"). On December 30, 2025, the Debtor filed a response to the Motion for Turnover (Doc. No. 15) and on January 15, 2026, the Debtor filed an Amended Schedule C (Doc. No. 17), to which the Trustee made no objection.

## III.   The Hyundai

On his Schedule A/B, the Debtor listed an interest in a 2023 Hyundai Santa Cruz VIN: 5NTJADAE7PH045230 (the "**Hyundai**") and valued same in the amount of $16,383.00. The Debtor claimed exemptions to the Hyundai of $5,000.00 on his Schedule C and listed a lien encumbrance on his Schedule D in the amount of $9,547.26. The Trustee disputes the Debtor's valuation of the Hyundai based on the average retail value of same, which is $22,300.00. After deduction of the Debtor's exemptions and accounting for the lien encumbrance, the Trustee believes there is available on-exempt equity in the Hyundai which may be administered for the estate. However, in order to save costs for the estate in the form of auctioneer and storage fees,

among others, and in order to reach a global resolution of all known issues, the Trustee has agreed to compromise the matter.

IV.    **The Personal Property**

On his Schedules, the Debtor listed an interest in household goods and furnishings, electronics, equipment for sports and hobbies, clothing and jewelry valued in the amount of in the total amount of $1,045.00 (collectively, the "**Personal Property**"). The Debtor claimed exemptions in and to the Personal Property in the amount of $1,000.00 on his Schedule C. The Trustee disputes the Debtor's valuation of the Personal Property as being too low and asserts that there may be available equity over and above the allowable exemptions.  However, in order to reach a global resolution of all known issues, the Trustee has agreed to compromise the matter.

V.    **The Funds**

On his Schedule A/B, the Debtor listed an interest in funds on deposit in the total amount of $5,854.96 (the "**Funds**").  On his Schedule C, the Debtor did not claim any exemptions in or to the Funds. Therefore, the Trustee asserts that the Funds are available for administration by the estate.  However, in order to reach a global resolution of all issues in this case, the Trustee has agreed to compromise the Funds.

VI.    **The Shares**

On his Schedule A/B, the Debtor listed an interest in an unspecified number of shares in Miso Robotics and valued the same in the amount of $0.00 (the "**Shares**"). Upon the Trustee's investigation, as of the Petition Date the Debtor had 2,100 shares, and although they are not publicly traded, they appear to be valued anywhere between $1.66-$5.48 per share, with the price of the Share as of the Petition Date being unknown. On his Schedule C, the Debtor did not claim any exemptions in or to the Shares. Therefore, the Trustee asserts that the Shares are available for

administration by the estate.  However, in order to avoid costs to the estate and given the volatility of the Shares, and in order to reach a global resolution of all issues in this case, the Trustee has agreed to compromise the issue.

### IX.     The 2025 Refund

The Trustee has reviewed the Debtor's 2025 Federal Income Tax Return and determine that the Debtor owes a tax liability for the 2025 year; there is therefore no recovery for the estate with respect to same.

### IX.     Terms of Compromise

The Trustee and the Debtor have agreed to a compromise of the claims related to the issues described above, whereby:

1.     The Debtor shall pay to the Trustee the total amount of $14,400.00 (the "**Settlement Funds**") in twelve (12) monthly installments, with the first payment of $1,200.00 to be due on or before April 15, 2026 and with each subsequent payment of $1,200.00 to be due on or before the fifteenth (15th) of each month thereafter, until and unless the total sum of $14,400.00 is paid in full as and for the Settlement Funds.

2.     The Settlement Funds shall be in the form of a personal check and made payable to "Gordon P. Jones, Trustee" and mailed to Gordon P. Jones, Trustee, 450-106 State Road 13 North, Unit 303, St. Johns, Florida 32259. The payment instrument(s) for the Settlement Funds shall bear "Case No. 3:25-bk-03716-JAB" on its face.

3.     The Settlement Funds shall become property of the bankruptcy estate and distributed according to the Bankruptcy Code.

4.      The Settlement Funds shall be allocated as follows[1]: (i) $7,000.00 to the Hyundai, (ii) $4,400.00 to the Shares; and (iii) $3,000.00 to the Truist Bank Audi 7589 Acct. listed on Line 17.2 of Debtor's Amended Schedule A/B.

5.      As security for the Settlement Funds, the Trustee is granted a continuing lien on and security interest in the Hyundai and the Personal Property (collectively, the "**Personal Property Assets**").  The Trustee may at any time, and from time to time, file in any Uniform Commercial Code and/or Florida Department of Highway Safety and Motor Vehicles jurisdiction any forms, documents, initial financing statements, and amendments thereto to perfect a lien on the Personal Property Assets.  Upon receipt of the Settlement Funds by the Trustee, the Trustee shall take whatever steps as may be necessary to release any liens which may have been created hereunder. Until the Settlement Funds are received by the Trustee, the Debtor shall keep the Personal Property Assets fully insured against all risks and the Debtor shall produce proof to the Trustee of listing the Trustee as additional loss payee on any and all policies of insurance covering the Personal Property Assets.

6.      If the Debtor fails to timely pay the Settlement Funds to the Trustee, then after ten (10) days written notice to the Debtor and Debtor's counsel, and Debtor's failure to cure the default within that ten (10) day period, the Trustee, upon submission of an affidavit stating that the Debtor failed to timely comply with the terms of this Compromise, shall be entitled to: (i) retain any portion of the Settlement Funds received by the Trustee as of the date of the default; and (ii) the entry of an order requiring the Debtor to turn over the outstanding balance of the Settlement Funds along with interest on the outstanding sums at the federal legal rate, plus the Trustee's reasonable

---

[1]   The allocations reflected herein are for administrative purposes only and do not necessarily reflect the true value of the recovery if these issues were actually litigated.

attorneys' fees and costs incurred in collecting the balance due the estate.  Additionally, in the event of a default described herein above, the Trustee shall also be authorized to make a request to intercept any post-petition Federal Income Tax Refunds of the Debtor from the Internal Revenue Service and the Trustee shall be entitled to retain any sums received, and the Debtor shall waive any exemptions or claims thereto (including but not limited to any exemptions pursuant to 11 U.S.C. § 522(b)(3)(B), Fla. Stat. § 222.25(3), 26 U.S.C. § 32 and/or 26 U.S.C. § 6428A), which sums shall be applied to any outstanding balance due under the Compromise, with any overage being refunded to the Debtor.

7.      Additionally, in the event of a default described herein above, the Debtor shall be ordered and directed to turnover the Hyundai and the Original Certificate of Title to the Hyundai (if applicable) to the Trustee (and/or his agents), and the Trustee (and/or his agents) shall be authorized to take possession of the Hyundai and to sell same at private sale or at public auction. In the event the Trustee proceeds with the relief authorized herein, the Trustee shall be further authorized to retain so much of the sales proceed required to pay the Settlement Funds in full, plus the estate's attorney's fees and costs incurred to effectuate such relief. The Debtor's claimed exemptions shall be subordinated to the obligations above. In the event the Trustee proceeds with the relief authorized herein, the Trustee is further authorized to seek and apply for the issuance of a duplicate Certificate(s) of Title and/or registration to the Hyundai. The relief provided for in this paragraph is only applicable in the event the Debtor defaults under this Compromise and fails to cure said default within ten (10) days. In the event the estate administers and liquidates the Hyundai and receives net sales proceeds (after payment of costs of sale and any lien encumbrance(s) on the Hyundai) which are less than the Settlement Funds (plus recovery of interest and attorneys' fees

6

incurred) due to the estate, the Trustee may seek to recover the additional funds due to the estate up to the amount of the Settlement Funds (plus recovery of interest and attorneys' fees incurred).

8. **The Debtor fully understands and agrees that failure to comply with the terms of this Compromise may be grounds for denial/revocation of his discharge pursuant to 11 U.S.C. § 727.**

9. Upon entry of an Order granting this Compromise becoming final and non-appealable and receipt of the Settlement Funds, whichever occurs later, the Trustee shall release any liens which may be created hereunder and shall cause a Notice of Withdrawal of the Pleadings to be filed with the Court, and the Debtor shall also be authorized to release the Trustee as additional loss payee from any and all policies of insurance.

10. Upon entry of an Order granting this Compromise, any non-farm animals and/or firearms in which the Debtor had an interest as of the Petition Date and the 2019 Kenworth T680 as listed on Line 3.2 of the Debtor's Schedule A/B, shall be ordered abandoned by the estate as these assets are encumbered by unavoidable liens, the value of which are greater than the value of the assets themselves, and/or are burdensome and/or of inconsequential value to the estate.

11. This Compromise shall be deemed the joint work product of all parties and his respective counsel and all parties shall be considered the drafters of this Compromise. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of this Compromise. The party declares that he has been represented by counsel in connection with the negotiation of this document or has had the opportunity and wherewithal to be represented by counsel in the review, negotiation, and execution of this document, and that the terms and conditions of this Compromise are understood fully and agreed to voluntarily.

IX..   **Legal Argument**

By this Motion, the Trustee seeks entry of an Order, pursuant to Fed. R. Bankr. P. 9019(a), approving the Compromise related to the issues described herein. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation;
> (b) The difficulties, if any, to be encountered in the matter of collection;
>
> (c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

The Compromise herein results in the resolution of the Trustee's claims related to the issues described herein in an economical manner, without the need for further litigation and attendant costs and risks associated therewith. In view of the uncertainty that always accompanies litigation, the Trustee believes that the Compromise should be approved by this Court. Moreover, this Compromise serves the best interest of the estate's creditors because the cost of litigating the disputes between the parties could be substantial in relation to the potential recovery. As such, it is in the best exercise of the Trustee's business judgment to compromise this matter, as set forth

above. For all of the foregoing reasons, the agreement between the Trustee and the Debtor satisfies the factors set forth by the Eleventh Circuit in its *Justice Oaks II* decision.

WHEREFORE, the Trustee respectfully requests the entry of an Order (i) approving this Compromise in the form substantially to that of **Exhibit "A,"** and (ii) granting such further relief as may be deemed appropriate.

Respectfully submitted,
**JOHNSON LAW FIRM, P.A.**

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.
Florida Bar No. 0032105
Lauren W. Box, Esq.
Florida Bar No. 0106242
301 W. Bay Street, Suite 1453
Jacksonville, Florida 32202
(904) 652-2400 Telephone
ehj@johnsonlawpa.com
lauren@johnsonlawpa.com

*Attorneys for Gordon P. Jones,*
*Chapter 7 Trustee*

The Debtor acknowledges having read the foregoing Motion to Approve Compromise of Claims between the Trustee and the Debtor and states that she freely and voluntarily agrees to the terms set forth herein. The Debtor consents to entry of final orders and judgments by the Bankruptcy Court.


Stephen Witt, Esq.                                          Audy Edmond Wallace, *Debtor*
Florida Bar No. 231916
Post Office Box 2064
Lake City, Florida 32056
Telephone: (352) 755-2863
stephen@attorneywitt.com

*Counsel for Debtor*

*Filer's Attestation:  Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Eugene H. Johnson, Esq. attests that concurrence in the filing of this paper has been obtained.*

### Certificate of Service

The undersigned does hereby certify that on this __18th__ day of March, 2026, a true and accurate copy of the foregoing has been furnished by U.S. Mail, postage prepaid, to all parties on the attached mailing matrix and via CM/ECF notification to all parties who have consented to receiving electronic notifications in this case.

/s/ Eugene H. Johnson
Eugene H. Johnson, Esq.

10

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**In re:**

**AUDY EDMOND WALLACE,**

      **Debtor.**

_____/

**CASE NO.: 3:25-bk-03716-JAB**

**Chapter 7**

**ORDER GRANTING TRUSTEE'S MOTION**
**FOR ENTRY OF ORDER APPROVING COMPROMISE**
**OF CLAIMS BETWEEN THE TRUSTEE AND THE DEBTOR**
**AND NOTICE OF INTENT TO ABANDON PROPERTY OF THE ESTATE**

This Chapter 7 case came before the Court on the motion (the "**Motion**" or "**Compromise**"[2]) (Doc. No. _____) of Gordon P. Jones, the duly appointed Chapter 7 Trustee (the "**Trustee**") in the above-captioned matter, seeking the entry of an Order approving the Compromise by and between the Trustee and the Debtor, Audy Edmond Wallace ("**Debtor**"), and notice of intent to abandon property of the estate.  The Court finds the Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object to the Motion within twenty-one (21) days of the date of service, plus three

---

      [2] Capitalized terms used in this Order shall carry the same meaning and have the same effect as those used in the Motion.

11

(3) additional days for mailing. No party filed an objection to the Motion in the time period specified for the filing of such objections, and the Court deems the Motion to be unopposed.

Therefore, it is **ORDERED:**

1. The Motion is granted in its entirety.

2. The parties are ordered to comply with the terms of the Compromise.

3. The Debtor shall pay to the Trustee the total amount of $14,400.00 (the "**Settlement Funds**") in twelve (12) monthly installments, with the first payment of $1,200.00 to be due on or before April 15, 2026 and with each subsequent payment of $1,200.00 to be due on or before the fifteenth (15th) of each month thereafter, until and unless the total sum of $14,400.00 is paid in full as and for the Settlement Funds.

4. The Settlement Funds shall be in the form of a personal check and made payable to "Gordon P. Jones, Trustee" and mailed to Gordon P. Jones, Trustee, 450-106 State Road 13 North, Unit 303, St. Johns, Florida 32259. The payment instrument(s) for the Settlement Funds shall bear "Case No. 3:25-bk-03716-JAB" on its face.

5. The Settlement Funds shall become property of the bankruptcy estate and distributed according to the Bankruptcy Code.

6. The Settlement Funds shall be allocated as follows[3]: (i) $7,000.00 to the Hyundai, (ii) $4,400.00 to the Shares; and (iii) $3,000.00 to the Truist Bank Audi 7589 Acct. listed on Line 17.2 of Debtor's Amended Schedule A/B.

7. As security for the Settlement Funds, the Trustee is granted a continuing lien on and security interest in the Hyundai and the Personal Property (collectively, the "**Personal**

---

[3] The allocations reflected herein are for administrative purposes only and do not necessarily reflect the true value of the recovery if these issues were actually litigated.

**Property Assets**").  The Trustee may at any time, and from time to time, file in any Uniform Commercial Code and/or Florida Department of Highway Safety and Motor Vehicles jurisdiction any forms, documents, initial financing statements, and amendments thereto to perfect a lien on the Personal Property Assets.  Upon receipt of the Settlement Funds by the Trustee, the Trustee shall take whatever steps as may be necessary to release any liens which may have been created hereunder. Until the Settlement Funds are received by the Trustee, the Debtor shall keep the Personal Property Assets fully insured against all risks and the Debtor shall produce proof to the Trustee of listing the Trustee as additional loss payee on any and all policies of insurance covering the Personal Property Assets.

8.      If the Debtor fails to timely pay the Settlement Funds to the Trustee, then after ten (10) days written notice to the Debtor and Debtor's counsel, and Debtor's failure to cure the default within that ten (10) day period, the Trustee, upon submission of an affidavit stating that the Debtor failed to timely comply with the terms of the Compromise, shall be entitled to: (i) retain any portion of the Settlement Funds received by the Trustee as of the date of the default; and (ii) the entry of an order requiring the Debtor to turn over the outstanding balance of the Settlement Funds along with interest on the outstanding sums at the federal legal rate, plus the Trustee's reasonable attorneys' fees and costs incurred in collecting the balance due the estate.  Additionally, in the event of a default described herein above, the Trustee shall also be authorized to make a request to intercept any post-petition Federal Income Tax Refunds of the Debtor from the Internal Revenue Service and the Trustee shall be entitled to retain any sums received, and the Debtor shall waive any exemptions or claims thereto (including but not limited to any exemptions pursuant to 11 U.S.C. § 522(b)(3)(B), Fla. Stat. § 222.25(3), 26 U.S.C. § 32 and/or 26 U.S.C. § 6428A), which

sums shall be applied to any outstanding balance due under the Compromise, with any overage being refunded to the Debtor.

9.      Additionally, in the event of a default described herein above, the Debtor shall be ordered and directed to turnover the Hyundai and the Original Certificate of Title to the Hyundai (if applicable) to the Trustee (and/or his agents), and the Trustee (and/or his agents) shall be authorized to take possession of the Hyundai and to sell same at private sale or at public auction. In the event the Trustee proceeds with the relief authorized herein, the Trustee shall be further authorized to retain so much of the sales proceed required to pay the Settlement Funds in full, plus the estate's attorney's fees and costs incurred to effectuate such relief. The Debtor's claimed exemptions shall be subordinated to the obligations above. In the event the Trustee proceeds with the relief authorized herein, the Trustee is further authorized to seek and apply for the issuance of a duplicate Certificate(s) of Title and/or registration to the Hyundai. The relief provided for in this paragraph is only applicable in the event the Debtor defaults under the Compromise and fails to cure said default within ten (10) days. In the event the estate administers and liquidates the Hyundai and receives net sales proceeds (after payment of costs of sale and any lien encumbrance(s) on the Hyundai) which are less than the Settlement Funds (plus recovery of interest and attorneys' fees incurred) due to the estate, the Trustee may seek to recover the additional funds due to the estate up to the amount of the Settlement Funds (plus recovery of interest and attorneys' fees incurred).

10.     Upon this Order becoming final and non-appealable and receipt of the Settlement Funds, whichever occurs later, the Trustee shall release any liens which may be created hereunder and shall cause a Notice of Withdrawal of the Pleadings to be filed with the Court, and the Debtor shall also be authorized to release the Trustee as additional loss payee from any and all policies of insurance.

14

11. Upon entry of this Order, any non-farm animals and/or firearms in which the Debtor had an interest as of the Petition Date and the 2019 Kenworth T680 as listed on Line 3.2 of the Debtor's Schedule A/B, shall be ordered abandoned by the estate.

12. The Court reserves jurisdiction to resolve or adjudicate any and all disputes that may arise out of, or relate to, those matters addressed by this Order.

Attorney Eugene H. Johnson, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.