**ORDERED.**

**Dated:  April 15, 2026**

Jacob A. Brown
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

                                      **CASE NO.: 3:25-bk-03716-JAB**

**AUDY EDMOND WALLACE,**

                                      **Chapter 7**

     **Debtor.**

_____/

**ORDER GRANTING TRUSTEE'S MOTION**
**FOR ENTRY OF ORDER APPROVING COMPROMISE**
**OF CLAIMS BETWEEN THE TRUSTEE AND THE DEBTOR**
**AND NOTICE OF INTENT TO ABANDON PROPERTY OF THE ESTATE**

This Chapter 7 case came before the Court on the motion (the "**Motion**" or "**Compromise**"[1]) (Doc. No. 20) of Gordon P. Jones, the duly appointed Chapter 7 Trustee (the "**Trustee**") in the above-captioned matter, seeking the entry of an Order approving the Compromise by and between the Trustee and the Debtor, Audy Edmond Wallace ("**Debtor**"), and notice of intent to abandon property of the estate.  The Court finds the Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object to the Motion within twenty-one (21) days of the date of service, plus three

---

[1] Capitalized terms used in this Order shall carry the same meaning and have the same effect as those used in the Motion.

(3) additional days for mailing. No party filed an objection to the Motion in the time period specified for the filing of such objections, and the Court deems the Motion to be unopposed.

Therefore, it is **ORDERED:**

1.      The Motion is granted in its entirety.

2.      The parties are ordered to comply with the terms of the Compromise.

3.      The Debtor shall pay to the Trustee the total amount of $14,400.00 (the "**Settlement Funds**") in twelve (12) monthly installments, with the first payment of $1,200.00 to be due on or before April 15, 2026 and with each subsequent payment of $1,200.00 to be due on or before the fifteenth (15th) of each month thereafter, until and unless the total sum of $14,400.00 is paid in full as and for the Settlement Funds.

4.      The Settlement Funds shall be in the form of a personal check and made payable to "Gordon P. Jones, Trustee" and mailed to Gordon P. Jones, Trustee, 450-106 State Road 13 North, Unit 303, St. Johns, Florida 32259. The payment instrument(s) for the Settlement Funds shall bear "Case No. 3:25-bk-03716-JAB" on its face.

5.      The Settlement Funds shall become property of the bankruptcy estate and distributed according to the Bankruptcy Code.

6.      The Settlement Funds shall be allocated as follows[2]: (i) $7,000.00 to the Hyundai, (ii) $4,400.00 to the Shares; and (iii) $3,000.00 to the Truist Bank Audi 7589 Acct. listed on Line 17.2 of Debtor's Amended Schedule A/B.

7.      As security for the Settlement Funds, the Trustee is granted a continuing lien on and security interest in the Hyundai and the Personal Property (collectively, the "**Personal**

---

[2]   The allocations reflected herein are for administrative purposes only and do not necessarily reflect the true value of the recovery if these issues were actually litigated.

**Property Assets**").   The Trustee may at any time, and from time to time, file in any Uniform Commercial Code and/or Florida Department of Highway Safety and Motor Vehicles jurisdiction any forms, documents, initial financing statements, and amendments thereto to perfect a lien on the Personal Property Assets.  Upon receipt of the Settlement Funds by the Trustee, the Trustee shall take whatever steps as may be necessary to release any liens which may have been created hereunder. Until the Settlement Funds are received by the Trustee, the Debtor shall keep the Personal Property Assets fully insured against all risks and the Debtor shall produce proof to the Trustee of listing the Trustee as additional loss payee on any and all policies of insurance covering the Personal Property Assets.

8.      If the Debtor fails to timely pay the Settlement Funds to the Trustee, then after ten (10) days written notice to the Debtor and Debtor's counsel, and Debtor's failure to cure the default within that ten (10) day period, the Trustee, upon submission of an affidavit stating that the Debtor failed to timely comply with the terms of the Compromise, shall be entitled to: (i) retain any portion of the Settlement Funds received by the Trustee as of the date of the default; and (ii) the entry of an order requiring the Debtor to turn over the outstanding balance of the Settlement Funds along with interest on the outstanding sums at the federal legal rate, plus the Trustee's reasonable attorneys' fees and costs incurred in collecting the balance due the estate.  Additionally, in the event of a default described herein above, the Trustee shall also be authorized to make a request to intercept any post-petition Federal Income Tax Refunds of the Debtor from the Internal Revenue Service and the Trustee shall be entitled to retain any sums received, and the Debtor shall waive any exemptions or claims thereto (including but not limited to any exemptions pursuant to 11 U.S.C. § 522(b)(3)(B), Fla. Stat. § 222.25(3), 26 U.S.C. § 32 and/or 26 U.S.C. § 6428A), which

3

sums shall be applied to any outstanding balance due under the Compromise, with any overage being refunded to the Debtor.

9.      Additionally, in the event of a default described herein above, the Debtor shall be ordered and directed to turnover the Hyundai and the Original Certificate of Title to the Hyundai (if applicable) to the Trustee (and/or his agents), and the Trustee (and/or his agents) shall be authorized to take possession of the Hyundai and to sell same at private sale or at public auction. In the event the Trustee proceeds with the relief authorized herein, the Trustee shall be further authorized to retain so much of the sales proceed required to pay the Settlement Funds in full, plus the estate's attorney's fees and costs incurred to effectuate such relief. The Debtor's claimed exemptions shall be subordinated to the obligations above. In the event the Trustee proceeds with the relief authorized herein, the Trustee is further authorized to seek and apply for the issuance of a duplicate Certificate(s) of Title and/or registration to the Hyundai. The relief provided for in this paragraph is only applicable in the event the Debtor defaults under the Compromise and fails to cure said default within ten (10) days. In the event the estate administers and liquidates the Hyundai and receives net sales proceeds (after payment of costs of sale and any lien encumbrance(s) on the Hyundai) which are less than the Settlement Funds (plus recovery of interest and attorneys' fees incurred) due to the estate, the Trustee may seek to recover the additional funds due to the estate up to the amount of the Settlement Funds (plus recovery of interest and attorneys' fees incurred).

10.     Upon this Order becoming final and non-appealable and receipt of the Settlement Funds, whichever occurs later, the Trustee shall release any liens which may be created hereunder and shall cause a Notice of Withdrawal of the Pleadings to be filed with the Court, and the Debtor shall also be authorized to release the Trustee as additional loss payee from any and all policies of insurance.

4

11.      Upon entry of this Order, any non-farm animals and/or firearms in which the Debtor had an interest as of the Petition Date and the 2019 Kenworth T680 as listed on Line 3.2 of the Debtor's Schedule A/B, shall be ordered abandoned by the estate.

12.      The Court reserves jurisdiction to resolve or adjudicate any and all disputes that may arise out of, or relate to, those matters addressed by this Order.

Attorney Eugene H. Johnson, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.